Jones, J.
There may be a division of opiMon among the members of this court upon the question whether Section 12593, General Code, constitutes a “lawful requirement” within the intendment of our Constitution and Workmen’s Compensation Act (General Code, Sections 1465-37 to 1465-108), where this phrasé is found. Likewise there may be some question whether an employee by bringing a suit for damages not based upon the commission of a willful act or the violation of a lawful requirement thereby waived “his right to any award or direct payment of compensation from his employer.” It is not necessary to decide these questions, for they are not concretely before us. TMs case presents the question whether an employee of an employer covered by the Workmen’s Compensation Act can bring a suit based upon the violation of a lawful requirement, and thereafter make application for an award of compensation from an employer electing to pay compensation direct.
Section 1465-76, General Code, provides in such case that—
*452 “Every employee, * * * who exercises his option to institute proceedings in court, as provided in this section, waives his right to any awhi’d, or direct payment of compensation from his employer under Section 22 hereof, * * * as provided in this act.”
In the case of Conrad, Admx., v. Youghiogheny & Ohio Coal Co., 107 Ohio St., 387, 140 N. E., 482, decided at the present term, this court held that the proceedings in court “provided in this action” comprised suits for injuries arising from a willful act or failure to observe a lawful requirement. The case is also authority for the principle that such employee injured in the course of employment has the option in such cases either to accept compensation or to institute such proceedings, “but the selection of one of these remedies is a waiver of the right to pursue the other.”
The principle here announced was conversely applied in Lopez v. King Bridge Co., ante., 1, 140 N. E., 322, also decided at the present term, where we held that an employee accepting compensation under the act cannot maintain an action for damages against his employer. An inspection of the plaintiff’s petition in his first action discloses that his action was predicated upon an alleged violation of the statute.
Section 12593, General Code, provides that whoever employs or directs another to perform labor in repairing a structure, and negligently furnishes unsuitable hoists or other mechanical contrivances, shall be fined. The petition in plaintiff’s former action states that the tracks upon which the employee was at work were “a structure within the *453 purview of the laws of the state of Ohio, ’ ’ and that the “jack” which injured the employee was an “unsuitable and defective mechanical contrivance and hoist” furnished by the defendant. It is easily discernible that the plaintiff was depending upon tbe violation of this statute in claiming the recovery. Whether the statute was a lawful requirement is of no importance in this case, for the reason that the plaintiff instituted proceedings on what he conceived to be a failure to observe a lawful requirement. This view is further reinforced by the fact that under the Workmen’s Compensation Law the employee could not sue his employer unless there was a failure to observe a lawful requirement. Having, therefore, exercised his option to institute proceedings, as disclosed in the instant case, the employee thereby waived his fight to claim compensation from his employer.
The trial court erred in sustaining the demurrer of the plaintiff to the second defense, and it follows that the Court of Appeals erred in affirming that judgment. The judgments of the common pleas court and the Court of Appeals are therefore reversed, and the cause remanded to the former with instructions to overrule the demurrer to the second defense and for further proceedings according to law.
Judgment reversed.
Robinson, Matthias and Day, JJ., concur.